NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSA SANDS, | : |
| Plaintiff, | : |
| | : Civil Action No. 16-860 (ES) |
| v. | : |
| | : MEMORANDUM OPINION |
| GRUPO POSADA S.A. de C.V., et al., | : |
| Defendants. | : |

Before the Court is Defendants Reebok International Ltd. and adidas America, Inc.'s (collectively, the "Reebok Defendants") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 4-1 ("Defs. Mov. Br.") at 1-3). Plaintiff Rosa Sands ("Sands" or "Plaintiff") opposes the Reebok Defendants' motion. (D.E. No. 8 ("Pl. Opp. Br.")). The Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons below, the Reebok Defendants' motion is GRANTED.

I.  Background[1]

Sands fell down "an approximate two foot embankment" after leaving a dinner party on a beach in Mexico. (D.E. No. 1-1, Exh. A ("Compl.") ¶¶ 5, 7-8, 26). This dinner party was part of a "promotional event" known as "Raise the Bar." (*Id.* ¶¶ 3, 7-8). "As a result of being selected a winner of 'Raise the Bar'" offered by certain defendants—including the Reebok Defendants—in this action, Sands's daughter brought Sands to this "vacation/event" in Mexico. (*Id.* ¶¶ 3, 5-6).

---

[1] The Court must accept Sands's factual allegations as true for purposes of resolving the pending motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

Sands fell "as a result of dangerous and hazardous conditions then and there existing on the premises." (*Id.* ¶ 8; *see also id.* ¶ 26). She alleges that the Reebok Defendants, as well as other defendants in this action, "organized, supervised, maintained, controlled, cared for, possessed and managed the dinner party including the area of the premises where Plaintiff fell." (*Id.* ¶ 10). Sands claims the Reebok Defendants, as well as other defendants, had a duty "to use reasonable care to inspect and make the premises safe for Plaintiff." (*Id.* ¶ 11). The Reebok Defendants (among others) "highly recommended" the premises to Sands "by offering an all expense paid trip." (*Id.* ¶ 14). So, Sands claims that the Reebok Defendants and other named defendants "had a duty to be familiar" with the premises "they were recommending," "had a duty to inspect the premises at issue to ensure that it was reasonably safe and free of risk," and "had a duty to warn . . . of any hazardous and/or dangerous conditions associated with the premises recommended by them." (*Id.* ¶ 15).

Sands appears to assert two causes of action against the Reebok Defendants: (1) premises liability; and (2) negligent selection of the premises. (Pl. Opp. Br. at 6).[2] This Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a).

## II.   Legal Standard

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

---

[2] Although not explicitly delineated in Sands's complaint, the parties appear to agree that these two causes of action against the Reebok Defendants can be gleaned from Counts One through Four of her complaint. (*See* Defs. Mov. Br. at 4-7; Pl. Opp. Br. at 6-7).

678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'"  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)).  But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

### III.  Discussion

#### A.  Plaintiff's premises-liability claim must be dismissed

The Reebok Defendants argue that Sands alleges no facts showing that they owed her a duty of care that would support a "negligence claim under a premises liability theory."  (Defs. Mov. Br. at 4).  They argue that "mere sponsorship of an event, absent possession or active control over the event or over the property, does not render a defendant legally responsible."  (*Id.* (citation omitted)).  In opposition, Sands argues that her "factual allegation that the [Reebok Defendants] exercised control is sufficient."  (Pl. Opp. Br. at 6).  Sands contends that, at this stage, she "does not need to lay out all the facts that show how the [Reebok Defendants] exercised control over the event" and that she is entitled to discovery "to ascertain the extent of that control and authority."  (*Id.*).

Neither Sands nor the Reebok Defendants dispute that New Jersey law applies.  In fact, both parties cite a New Jersey case, *Bango v. Carteret Lions Club*, to advance their arguments.  (*See* Defs. Mov. Br. at 4; Pl. Opp. Br. at 6).

"A person who induces others to come upon his premises is under a duty to exercise reasonable care for their protection." *Bango v. Carteret Lions Club*, 79 A.2d 57, 58 (N.J. Super. Ct. App. Div. 1951). "But in order that the defendants be held liable, it must be shown that they had such degree of control that they could have averted the danger, or such superior knowledge that they should have foreseen and given warning of a danger not apparent to the plaintiff." *Id.*; *see also Byrd v. Salem Cmty. Coll.*, No. A-0759-08T10759-08T1, 2009 WL 2015128, at *6 (N.J. Super. Ct. App. Div. July 14, 2009) (citing *Bango*, 79 A.2d at 58). So, no liability exists where defendants "did no more than sponsor and advertise" an event—but have not "exercised any authority or control over the conduct" of the event. *See O'Connell v. N.J. Sports & Exposition Auth.*, 766 A.2d 786, 791 (N.J. Super. Ct. App. Div. 2001) (citing *Bango*, 79 A.2d at 58).

Here, Sands alleges that all the defendants in this action—including the Reebok Defendants—"organized, supervised, maintained, controlled, cared for, possessed and managed the dinner party including the area of the premises where Plaintiff fell." (Compl. ¶ 10). Sands does not dispute the Reebok Defendants' contention that this is the only allegation on the subject of their control over the premises. (*See* Defs. Br. at 5; Pl. Opp. Br. at 6 (reciting nearly verbatim Paragraph 10 of the complaint and stating that the "factual allegation that the defendants exercised control is sufficient")).

The Court finds that this allegation, by itself, is insufficient to support a premises-liability claim against the Reebok Defendants because—at best—it amounts to a formulaic recitation that the Reebok Defendants had such degree of control that they could have averted the alleged danger. *See Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." (internal citations, quotation marks, and alterations omitted)).  Accordingly, this cause of action will be dismissed without prejudice. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) ("[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.").[3]

### B. Plaintiff's negligent-selection claim must be dismissed

The Reebok Defendants argue that, at most under New Jersey law, "travel agents and vacation tour planners have a limited duty of care to their traveler-clients, which arises from the pecuniary benefit bestowed on defendant by plaintiff." (Defs. Mov. Br. at 5).  They argue that "[n]owhere does [P]laintiff contend that she paid to or conferred any benefit upon the Reebok Defendants." (*Id.* at 6). So, the Reebok Defendants assert "there is no basis for finding that the Reebok Defendants owed [P]laintiff a duty of care akin to a travel agent's limited duty owed to client travelers who pay the agent." (*Id.*).  Moreover, they argue that "[t]ravel agents and tour operators have no duty to warn" unless "they have specific, actual knowledge of previous incidents" and, further, there is "no duty to make specific inquiries into guest safety or security." (*Id.* at 5-6).  Finally, even assuming there exists a factual basis for a duty of care relating to a negligent-selection claim, the Reebok Defendants argue that Sands "avers no facts demonstrating that the Reebok Defendants breached any duty." (*Id.* at 6).  In opposition, Sands argues that she need not "provide factual details about pecuniary benefit and the [Reebok Defendants'] prior knowledge of the [P]laintiff's claim at this early juncture." (Pl. Opp. Br. at 7).  She notes that the Reebok Defendants cite cases "decided by summary judgment after discovery had been concluded." (*Id.*).

---

[3] Sands requests leave to amend her complaint where, as here, the Court is granting the Reebok Defendants' Rule 12(b)(6) motion to dismiss.  (Pl. Opp. Br. at 8).

To be sure, the only case law Sands cites concerns the duty imposed on travel agents. (*See id.*).  "New Jersey courts have imposed a limited duty of care on travel agents to warn of known dangers and dangers of which it should be aware."  *Miloseska v. Liberty Travel, Inc.*, No. 12-6108, 2013 WL 178065, at *4 (D.N.J. Jan. 16, 2013) (citing *Rodriguez v. Cardona Travel Bureau*, 523 A.2d 281 (N.J. Super. Ct. Law Div. 1986); *Josephs v. Fuller*, 451 A.2d 203 (N.J. Super. Ct. Law Div. 1982)).  As the *Josephs* case that Sands herself cites, (Pl. Opp. Br. at 7), sets forth: "[a] travel agent holds himself out as having some expertise, and a traveler should be able to rely on that expertise"—and "[i]t would seem that a travel agent who makes arrangements for a vacation not knowing anything about the accommodations, has acted negligently."  451 A.2d at 205.

At least two problems infect Sands's position regarding the alleged duty owed by the Reebok Defendants.

*First*, Sands argues that she may allege that the Reebok Defendants "had a duty to be familiar with the premises recommended and selected by them and inspect the premises for hazardous conditions"—but then she cites New Jersey case law concerning the duty of a travel agent.  (*See* Pl. Opp. Br. at 7).  In fact, Sands explicitly states that "New Jersey law imposes a duty on travel agents to warn of known dangers and dangers of which it should be aware." (*Id.*). As the Reebok Defendants correctly note, however, Sands cites no allegations that would support drawing any inference that the Reebok Defendants acted as her travel agent.  At most, Sands alleges that the Reebok Defendants "highly recommended" the premises to Sands. (Compl. ¶ 14).  But Sands provides no authority—nor is the Court aware of any—that would permit the Court to somehow equate the Reebok Defendants to travel agents based on such allegations.

*Second*, "[t]he pecuniary benefit bestowed on defendant by plaintiff forms the basis of a legal duty" of a travel agent.  *Josephs*, 451 A.2d at 205.  To this point, Sands only argues that requiring "factual *details* about pecuniary benefit" is improper.  (*See* Pl. Opp. Br. at 7 (emphasis added)).  But this argument is misplaced because there are *no* factual allegations—which Sands cites to or are apparent to the Court from its independent review of her complaint—from which the Court can draw a reasonable inference concerning any pecuniary benefit to the Reebok Defendants.  Rather, as the Reebok Defendants correctly note, (*see* Defs. Mov. Br. at 6), Sands alleges that—after being selected a winner—Sands's daughter "was permitted to invite Plaintiff to accompany her to the . . . 'Raise the Bar' vacation/event" and "Plaintiff agreed to attend the aforementioned 'Raise the Bar' event/vacation with her daughter."  (Compl. ¶¶ 5-6).

Accordingly, this cause of action will also be dismissed without prejudice.  *See Phillips*, 515 F.3d at 245.

### IV. Conclusion

For the above reasons, Sands's claims against the Reebok Defendants are dismissed without prejudice.  An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**